(No. 35044.—

JOSEPH H. TANNER, Local Liquor Control Commissioner, Appellant, *vs.* ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Appellees.

*Opinion filed May 22, 1959.*

CHINO & SCHULTZ, of Chicago, for appellant.

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellees Illinois Liquor Control Commission *et al.,* and A. G. GEOCARIS, of Chicago, for appellee The White Mill, Inc.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal by the local liquor control commissioner of the village of Evergreen Park to review an order of the Illinois Liquor Control Commission setting aside an order of the local commissioner denying a retail liquor license to one William G. Scholl and the White Mill, Inc., directing the local commissioner to issue a retail liquor license to the White Mill, Inc., and finding an ordinance of the village to be in derogation of the State statutes. The order of the State commissioner was affirmed by the superior court of Cook County on review, and the reviewing judge has certified that the validity of a municipal

ordinance is involved and that the public interest requires a direct appeal to this court.

On June 26, 1957, William G. Scholl, president of White Mill, Inc., a restaurant in Evergreen Park, wrote a letter to Joseph Tanner, village president, asking for a retail liquor license, based upon his financial needs and past favors.

On November 18, 1957, William Scholl stopped in the office of Ursula Streit, the village collector of Evergreen Park, to fill out an application for a retail liquor license. Mrs. Streit had received a call from Tanner requesting her to help Scholl fill out the application. The application was typed by Mrs. Streit and signed by Scholl as president of White Mill, Inc. A controversy appears in the evidence as to whether this purported application was filed with the village or not. Scholl claims he filed it with Mrs. Streit, and she in turn denies she received it. She states that she notarized it and directed Scholl to file it with Tanner. Tanner testified he did not recall that the application was ever filed with him. It does appear that upon hearing of this matter, the original application, presented as applicant's exhibit 2, was in the possession of the applicant's attorney.

On November 26, 1957, the village president wrote a letter to William Scholl, informing him that his request to sell alcoholic beverages had been considered and that no liquor license could be issued for the White Mill property as it was within 600 feet of two churches, and the premises were subject to a covenant forbidding the sale of alcoholic beverages. The village president testified that this letter was the response of the village council upon consideration of Scholl's letter of June 26, 1957.

On December 11, 1957, White Mill, Inc., filed an appeal with the State Liquor Commission from the letter of November 26, 1957.

The White Mill, Inc., delivered frontage consents and a check in payment of the license fee to a deputy village

clerk on December 17, 1957, in an effort to comply with the village ordinances. This check was returned to Scholl.

For several years prior to June, 1957, ordinances of the village of Evergreen Park restricted the number of retail liquor licensees to 16, and in June, 1957, the number was increased to 17. All 17 licenses had been issued, although one of the licensees was admittedly not actively engaged in the retail sale of alcoholic liquors. The village ordinances additionally provided that applications should be made to the village president in writing and include certain information prescribed upon the application form; that no ·license should be issued to a corporation where any officer or stockholder holding more than 5 per cent of the stock would be ineligible for a license; that no license should be issued to a person not owning the premises for which the license is sought, or not having a lease thereof· for the full period of the license, or where the person or corporation is ineligible for a State retail liquor license; that a license fee of $500 should be paid to the village president upon the filing of the proper application; that no license should be issued to an establishment within 600 feet of a church, school, hospital, home for aged or indigent persons or for veterans; and that the owners of at least two thirds of the frontage feet along the streets adjacent to the place of business for which a license is sought, for a distance of 200 feet in each direction, shall file their written consent to that use of such place with the local liquor commissioner.

Hearing was had before the State Commission on December 30, 1957, and January 13, 1958. On February 24, 1958, the State Commission held the village ordinance limiting the proximity of places serving liquor to 600 feet or more from churches to be in derogatiori of the Illinois Liquor Control Act; that a local license issued to the Evergreen Park Shopping Plaza was non-operative, that no State license had been issued, and that such local license was a subterfuge; and reversed the action of the local

liquor control commissioner of November 26, 1957, refusing to issue a retail liquor license to the White Mill, Inc. and directed the local commissioner to issue a retail liquor license to the White Mill, Inc.

On March 3, 1958 the village board passed an amendatory ordinance reducing the number of licenses to sixteen and published it on March 6, 1958. On March 14, 1958, the local commissioner applied for rehearing before the State Commission which was denied on March 17. On March 20, 1958, the local commissioner filed his complaint for administrative review, which the State Commission answered by filing the record of its proceedings. On July 9, 1958 the court affirmed the decision of the State Commission, and from that decision this appeal is now taken.

The local commissioner contends that the finding of the State Commission is not supported by substantial evidence, for the reason that the applicant failed to comply with the provisions of the village ordinances with respect to the requirements to be met in filing an application for retail liquor licenses. The letter from the village president to Scholl, dated November 26, 1957, was only in response to Scholl's letter of June 26, 1957, and was not an order denying a retail liquor license, entered upon an application for such a license. An examination of the entire record fails to disclose any such denial in response to any valid application of Scholl or White Mill, Inc. Even Scholl knew his letter of June 26, 1957, was not an application for a retail liquor license, as he attempted to have an application prepared upon the prescribed form on November 18, 1957.

It is even doubtful that the application form was ever filed with the proper authority. Scholl does not claim to have filed it with the village president, as required by the ordinance, but claims to have filed it with the village collector. The village collector denies that the application was filed with her, and in fact the original purported application

was in the possession of the attorney for the applicant when the hearings were had before the State Commission.

However, assuming for argument's sake only, that the application form was filed in a proper place, or even that the letter of June 26, 1957, was an application for a retail liquor license, the fee required by the ordinance was not filed with it, even though the ordinance requirement for the tender of such fee appears upon the face of the application form.

The required frontage consents, and the fee were not filed until December 17, 1957, six days after the applicant had appealed to the State Commission and twenty one days after the date of the village president's letter, from which the appeal was taken.

It appears quite clearly that no application was ever filed with the village president in accordance with the ordinance requirements of the village of Evergreen Park; that the letter of June 26, 1957, was merely a letter of inquiry and request and not an application in fact; and that no reviewable order was entered by the local liquor commissioner. (Ill. Rev. Stat., 1957, chap. 43, par. 153.) There being no application of any kind for a license, there could be no order of denial for review by the State Liquor Control Commission.

Having determined for these reasons that no proper application was filed as required by the village ordinances, and that there was, in fact, no reviewable order of the local commissioner, it is unnecessary for us to determine certain other contentions urged by the local commissioner as failures to comply with the appropriate ordinance provisions.

Furthermore, since the amendatory ordinance passed March 3, 1958, and published March 6, 1958, became effective prior to the ultimate determination of the hearing before the State Commission, under the authority of *Schreiber v. Illinois Liquor Control Com.,* 12 Ill. 2d 118, the passage of that ordinance rendered the issues in this

case moot. That ordinance reduced the number of licenses in the village of Evergreen Park to 16 and leaves no licenses to be issued to the White Mill, Inc.

For all of these reasons the judgment of the superior court of Cook County is reversed and the cause is remanded to that court, with directions to set aside the administrative order and to remand the cause to the State Commission for further proceedings consistent with the views expressed in this opinion.

*Reversed and remanded, with directions.*